## Case No. 8,479.

### LONG v. CONNER.

[17 N. B. R. 540.] [1]

Circuit Court, S. D. New York. Dec. 5, 1877.[2]

BANKRUPTCY—ATTACHMENT BY SHERIFF—NOTICE OF BANKRUPTCY—LIABILITY TO ASSIGNEE—VALUE OF PROPERTY—JUDGMENT AGAINST ATTACHING CREDITOR.

1. A creditor began suit in the supreme court of New York against one Spaulding, and obtained from the court a warrant of attachment against the property of said Spaulding, as a non-resident, under which warrant the sheriff levied upon certain goods of Spaulding in New York; three days after the levy, an involuntary petition in bankruptcy was filed against Spaulding, in Massachusetts; thereafter, but before any adjudication, and before the election of any assignee in the bankruptcy proceedings, and before the sheriff had notice of such proceedings, an order for the sale of the goods, as perishable, was obtained from the state court, and the sheriff sold the goods under the said order; Held, that the sheriff was guilty of conversion in selling the goods, and was liable in damages to the assignee in bankruptcy subsequently appointed.

2. Where goods are held by a sheriff under an attachment under mesne process of less than four months' standing at the time of the filing of a petition in bankruptcy, the title of the assignee in bankruptcy subsequently appointed relates to the date of the filing of the petition, and dissolves the attachment and invalidates all proceedings under it subsequent to the filing of the petition, even though such proceedings be taken without notice of the bankruptcy.

3. An order by the state court, in the attachment suit, for the sale of the goods attached as perishable, is no protection to the sheriff, when such order is made after the filing of the petition in bankruptcy, though before adjudication.

4. The sheriff is liable to the assignee in bankruptcy for the true market value of the property on the day of the sale, and not merely for the amount realized at the sale.

5. In order to determine what was the market value, the jury can consider fair sales made at or about the time, or within a reasonable time subsequently.

6. The amount received at the sheriff's sale furnishes some evidence of value; but the jury are to consider that this may have been a forced sale; where no great length of time or great amount of advertising or notice to the general public was given, the jury are to determine whether this was a fair criterion of the actual market value.

7. The market value of the property, rather than any injury over and above the market value which the assignee or the original owner might have suffered, is the measure of damages.

8. The fact that the assignee in bankruptcy has already obtained judgment against the attachment creditor in a suit for damages for the same conversion, and has issued execution on the judgment, is no defense to a suit against the sheriff;

1 [Reprinted by permission.]
2 [Reversed in 104 U. S. 228.]

the judgment being still unsatisfied; an unsatisfied judgment against one of two joint tort feasors is no bar to an action against the other.

This was an action brought by William H. Long, as assignee in bankruptcy of Benjamin H. Spaulding, against William C. Conner, sheriff of the city and county of New York, for damages for the conversion of certain straw hats sold by the sheriff as perishable, under an order of the supreme court of the state of New York, in an attachment suit. The plaintiff had already recovered judgment against one Dickerson, the plaintiff in the attachment suit, for damages for the conversion of this property by reason of the sale in question; but the judgment was still unsatisfied.

Daniel H. Chamberlain and William B. Hornblower, of Chamberlain, Carter & Eaton, for plaintiff.

Robert S. Green and Henry W. Bookstaver, of Vanderpoel, Green & Cuming, for defendant.

SHIPMAN, District Judge (charging jury). The discussions of the learned counsel during the progress of the trial, and the interlocutory rulings of the court, must have made you familiar with the views of the law which the court entertains applicable to this case, and, therefore, it will not be necessary for me to detain you at any considerable length with a discussion of those views. It appears, from the uncontradicted evidence in this case, that on the 20th day of July, 1875, the defendant, who was then sheriff of the city and county of New York, attached, by a valid attachment, the goods which are described in the complaint, at the suit of one Mr. Dickerson, the goods at that time being the property of the defendant in that suit, one Mr. Spaulding. It further appears that on the 23d day of July, 1875, three days after the attachment, a petition in bankruptcy, praying for the adjudication of Mr. Spaulding as a bankrupt, was filed in the district court of the United States for the district of Massachusetts, within which district Mr. Spaulding was then a resident and a citizen; and that early in September, 1875, Mr. Spaulding was duly adjudicated a bankrupt by a decree of the district court for the district of Massachusetts; that subsequently an assignee was appointed, Mr. Long, who is the plaintiff in this case. And that the proper officer executed, on the 21st of September, 1875, a deed to Mr. Long, the assignee, of all the estate and rights of property of the bankrupt, in the usual form provided by the rules of the supreme court, and in pursuance of the act of congress [of 1867 (14 Stat. 517)], for that purpose. It further appears that on or about the 1st day of August, 1875, in pursuance of an order of sale issued by a justice of the supreme court of the state of New York, directing the sale of this property as perishable property, the sheriff sold these goods at public auction for the sum of one thousand one hundred and fifty-six dollars and fifty cents.

I am of opinion, gentlemen, that under and by virtue of the statutes of the United States, the sheriff was guilty of a conversion of this property on the 1st day of August, 1875, when he sold them at public sale, and that he is liable to pay to the plaintiff the true market value of the property on that date, with interest thereon from that day to the present time. And, furthermore, that the fact that the plaintiff has obtained an unsatisfied judgment against the plaintiff in the original suit is not a bar to his action against the sheriff.

The only question, then, for you to determine is, what was the market value of this quantity of straw hats on the 1st day of August, 1875? And for the purpose of ascertaining what was the market value, you can take into consideration fair sales made at or about that time, or within a reasonable time subsequently. You can take into consideration the amount that was received at the sheriff's sale. That is not conclusive, but it furnishes you some evidence of the value; and, upon the other hand, you are to consider that this may have been a sudden sale, or, as it is called, a forced sale, and that no great length of time or great amount of advertising or notice to the general public was given; that it was a forced sale, and therefore, you are to determine whether that was a fair criterion of the actual market value of the property at the time of the conversion. Inasmuch as the goods had been consigned previous to this date by the manufacturer in Massachusetts to the factor and consignee in New York, for sale, I am of the opinion that you are not to regard the injury to the plaintiff or to the owner arising from the detention and the subsequent sale, but that you are to look more particularly at the value of the property, and ascertain, as the measure of damages, the market value of the property, rather than the injury over and above the actual market value which the plaintiff or which the original owner might have suffered. In other words, to sum it up briefly, you are to find the true real market value of this property on or about the 1st day of August, 1875, and return the verdict for that sum with interest from that date to the present time, and specify in your verdict how much is the principal sum and how much is the interest.

Verdict of the Jury: We find for the plaintiff. Damages, principal, six thousand and seventy-seven dollars; interest, nine hundred and ninety-eight dollars and forty-eight cents; total amount, seven thousand and seventy-five dollars and forty-eight cents.

[Reversed in 104 U. S. 228. See, also, Case No. 8,480.]